# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ASSUREDPARTNERS OF NEW JERSEY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>EDGAR ORTIZ and SILK ROAD TRANSPORTATION INSURANCE, LLC,<br><br>Defendants. | No. C23-1011-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## I.   INTRODUCTION

This case is before me on a motion (Doc. 21) for summary judgment filed by defendants Edgar Ortiz and Silk Road Transportation Insurance, LLC (Silk Road). In support, defendants filed a brief (Doc. 21-1), a statement of material facts (Doc. 21-2) and an appendix (Doc. 21-3). Plaintiff AssuredPartners of New Jersey, LLC (AssuredPartners), has not filed a resistance and the time for doing so has expired. Oral argument is not necessary. *See* Local Rule 7(c).

## II.   PROCEDURAL HISTORY

On June 12, 2023, AssuredPartners commenced this action by filing a complaint (Doc. 1) asserting (1) breach of contract; (2) tortious interference with contractual and prospective contraction relations; (3) violation of the Iowa Uniform Trade Secrets Act and (4) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*. Doc. 1 at 11-15. That complaint seeks an injunction, damages, costs and attorneys' fees. Defendants filed an answer (Doc. 8) on July 11, 2023. A bench trial is scheduled for December 16, 2024.

Defendants filed their motion (Doc. 21) for summary judgment on February 28, 2024. Under this court's rules, plaintiffs' resistance materials were due on March 20, 2024. *See* Local Rule 56(b) (establishing 21-day deadline). AssuredPartners filed a motion (Doc. 22) for an extension of time to file a resistance on March 13, 2024, and I granted AssuredPartners an extension to April 10, 2024.[1] Doc. 23. AssuredPartners has not filed any resistance materials as of the date of this order.

### III. SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id.* Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id.* An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts,"

---

[1] In its motion for an extension, AssuredPartners stated that it would be filing a motion to amend to add defendants and causes of action and the parties have been exploring a settlement. Doc. 22 at 2.

*Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249-50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49. The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id*. However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).

## IV. RELEVANT FACTS

Defendants filed a statement (Doc. 21-2) setting forth the alleged facts they rely on to seek summary judgment. Because AssuredPartners did not file a response, all facts set forth in that statement are deemed admitted for purposes of their motion for summary judgment. *See* Local Rule 56(b) ("The failure to respond to an individual statement of material fact, with appropriate appendix citations, may constitute an admission of that fact."); *see also* Fed. R. Civ. P. 56(e). Those undisputed facts are summarized below.

Edgar Ortiz is a licensed insurance agent who worked for AssuredPartners from December 22, 2021, through December 1, 2022. Doc. 21-2 at 1-2, ¶¶ 1, 5, 6. Ortiz signed a Restrictive Covenants Agreement (Doc. 1-2) at the beginning of his employment with AssuredPartners. As a part of that agreement, Ortiz agreed not to do the following for 24 months after his employment ended:

> (i) offer, sell, solicit, quote, place, provide, or renew, any Insurance Products or Restrictive Covenants Agreement Services to any Restricted Client or Active Prospective Client; or
>
> (ii) service any Insurance Products or Related Services on behalf of any Restricted Client or Active Prospective Client; or
>
> (iii) request, accept, facilitate, authorize, execute, send, process, or submit a broker of record or agent of record letter on behalf of any Restricted Client or Active Prospective Client, which would change the broker or agent of record for any Restricted Client or Active Prospective Client from Company to any other third party; or
>
> (iv) take any action intended, or reasonably likely, to cause any Restricted Client or Active Prospective Client, to diminish its business with, or cease or refrain from doing business with, any member of Employer Group; or
>
> (v) take any action intended, or reasonably likely, to cause any vendor, retail insurance agent or broker, or other trade-related business relation of any member of Employer Group with whom Employee had a material working relationship during the final six months of Employee's employment with Company to diminish its business with, or cease or refrain from doing business with, any member of Employer Group.

4

Doc. 1-2 at 3-4.

The following customers had not done business with AssuredPartners prior to Ortiz's employment with AssuredPartners but purchased insurance through AssuredPartners during Ortiz's employment: Auto Net Trade, Inc., Bingo Logistics, Inc., Catego Trucking Corp., Kava Transportation LLC, Maluma, Inc., Naji Express LLC, Priority Freight Systems Inc. and Prostar Express Inc.[2] Doc. 21-2 at 2, ¶¶ 7-16. Each of these customers purchased insurance through AssuredPartners due to preexisting business relationships (theirs or a business partner's) with Ortiz. Ortiz was the agent for those customers from the time they purchased insurance through AssuredPartners until on or about the time he left AssuredPartners, at which time another AssuredPartners agent was assigned to them. *Id.* at 3, ¶¶ 17, 18.

Ortiz's wife, Holly Ortiz-Foley, is a licensed insurance agent who formed Silk Road on September 20, 2021, and she is the only member of Silk Road. *Id.* at 1, ¶¶ 2-4. Ortiz began working for Silk Road on January 1, 2023. *Id.* at 3, ¶ 19.

The only damages disclosed by AssuredPartners are its alleged lost revenues from the customers listed above. *Id.* at 3, ¶ 21. Each of these customers stopped doing business with AssuredPartners after Ortiz left and have submitted declarations stating they would have done so regardless of whether they could or could not have done business with Ortiz through Silk Road. *Id.* at 3, ¶ 22.

Naji Express LLC has not purchased insurance policies or products through defendants. *Id.* at 3, ¶ 23. Other insurance agents would have been able to provide rates and quotes similar to those offered by defendants. *Id.* at 3, ¶ 24.

---

[2] AssuredPartners' Rule 26 Initial Disclosures indicate that Ortiz's relations and communications with seven of these companies are at issue in this case: Auto Net Trade, Inc., Bingo Logistics, Inc., Catego Trucking Corp., Kava Transportation LLC, Maluma, Inc., Naji Express LLC and Priority Freight Systems, Inc.. *See, e.g.,* Doc. 21-3 at 30-31, 41, 46-47.

## V. ANALYSIS

Despite AssuredPartners' failure to resist, I must "consider whether defendants have met their burden of showing that summary judgment is appropriate." *Stokes v. Hacker*, No. C15-3095-MWB, 2015 WL 7300537, at *3 (N.D. Iowa Nov. 18, 2015), *report and recommendation adopted,* No. C15-3095-MWB, 2015 WL 8347079 (N.D. Iowa Dec. 8, 2015); *see also Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (explaining that court must determine that the moving party is entitled to judgment as a matter of law even if the nonmoving party did not oppose the moving party's contentions); *Johnson v. Boyd–Richardson Co.*, 650 F.2d 147, 149 (8th Cir. 1981) (requiring court to "inquire into the merits of [a motion to dismiss] and to grant or deny it, as the case may be, in accordance with the law and the relevant facts"); Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion, … grant summary judgment if the motion and supporting materials—including facts considered undisputed—show that the movant is entitled to relief … or … issue any other appropriate order"). Thus, I will consider the merits of defendants' motion.

Defendants assert they are entitled to summary judgment because AssuredPartners cannot establish causation, an essential element of each of AssuredPartners' claims. *See* Doc. 21 at 1. They argue it is undisputed that each of the customers identified by AssuredPartners stopped doing business with AssuredPartners because of AssuredPartners' conduct and, therefore, AssuredPartners cannot prove that it would not have suffered damages but for defendants' actions. *Id.;* Doc. 21-1 at 2.

As previously noted, AssuredPartners asserts four causes of action in its complaint: breach of contract, tortious interference with contractual and prospective contraction relations, federal trade secret violations and state trade secret violations. With

regard to the contract claims, Florida law[3] requires proof of the following elements for breach of contract: "(1) the existence of a valid contract; (2) a breach of that contract; (3) causation and (4) damages." *XS Supply, LLC v. Medical Equip. Solutions, Inc.*, Case No. 8:23-cv-2324, 2024 WL 280303 (M.D. Fla. Jan. 25, 2024) (citing *Carpenter Contractors of Am., Inc. v. Fastener Corp. of Am.*, 611 So. 2d 564, 565 (Fla. 4th DCA 1992)).

"The elements of a Florida law tortious interference with contractual relations claim are: (i) the existence of a contract, (ii) the defendant's knowledge thereof; (iii) the defendant's intentional and unjustified procurement of a breach thereof; and (iv) damages." *Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1215 (11th Cir. 2018). "Imbedded within these elements is the requirement that the plaintiff establish that the defendant's conduct caused or induced the breach that resulted in plaintiff's damages." *Chi. Title Ins. v. Alday-Donalson Title Co. of Fla.*, 832 So.2d 810, 814 (Fla. 2d DCA 2002). "Causation requires a plaintiff to 'prove that the defendant manifested a specific intent to interfere with [the contract].'" *Fiberglass Coatings, Inc.*, 16 So.3d at 838 (quoting *Chi. Title Ins. Co.*, 832 So.2d at 814). "[I]f one party to a contract is already predisposed to breach, then the third party's actions cannot have induced the breach." *Mortg. Now, Inc. v. Guaranteed Home Mortg. Co.*,

---

[3] As AssuredPartners points out, the restrictive covenants agreement states it "shall be governed by, and construed in accordance with, the laws of Florida, without giving effect to any choice of law or conflict of law rules or provisions." Doc. 1-2 at 9. To the extent Iowa law applies, the elements of breach of contract and tortious interference with contractual relations are the same. *See Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998) (listing the elements of breach of contract as (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that [the plaintiff] has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach); *Larew v. Hope Law Firm, P.L.C.*, 977 N.W.2d 47, 63 (Iowa 2022) (listing the elements of intentional interference with an existing contract as (1) the existence of a contract with a third party, (2) the defendant knew about the contract, (3) the defendant intentionally and improperly interfered with the contract, (4) the interference caused the third-party not to perform or made performance more burdensome or expensive, and (5) the plaintiff suffered damages).

7

545 F. App'x 809, 811 (11th Cir. 2013). Predisposition means "that the breach by the party to the contract rather th[a]n the persuasion by the defendant was the proximate cause of the plaintiff's damage." *Farah v. Canada*, 740 So.2d 560, 561 (Fla. 5th DCA 1999).

With regard to the trade secrets claim, a plaintiff must prove the following under the federal Defend Trade Secrets Act: "(1) the plaintiff owns a valid trade secret; (2) the trade secret relates to a product or service used in, or intended for use in, interstate commerce; and (3) the defendant misappropriated the trade secret." *Direct Components, Inc. v. Microchip USA, LLC*, Case No. 8:23-cv-1617-VMC-SPF, 2024 WL 1929522, at *5 (M.D. Fla. May 2, 2024) (citing *It Works Mktg., Inc. v. Melaleuca, Inc.*, No. 8:20-cv-1743, 2021 WL 1650266, at *7 (M.D. Fla. Apr. 27, 2021)). The Iowa Uniform Trade Secrets Act requires a plaintiff to prove (1) the existence of a trade secret and (2) misappropriation of the trade secret. *Clearly Compliant, L.L.C v. Bornbach*, No. 16-1418, 909 N.W.2d 442, 2017 WL 5178994, at *3-4 (Iowa Ct. App. Nov. 8, 2017). For both actions, a plaintiff is entitled to damages only if the actual loss was caused by the misappropriation of the trade secret. *See* 18 U.S.C. § 1836(b)(3)(B)(i)(I) ("In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may . . . award . . . damages for actual loss caused by the misappropriation of the trade secret."); Iowa Code § 550.4(1) ("Damages may include both the actual loss caused by misappropriation, and the unjust enrichment caused by the misappropriation which is not taken into account in computing the actual loss.").

Defendants argue that they are entitled to summary judgment because AssuredPartners cannot prove that the damages it seeks (lost revenue from customers leaving AssuredPartners)[4] were the direct result of any conduct by defendants. *See Forest's Mens Shop v. Schmidt*, 536 So.2d 334, 336 (Fla. 4th DCA 1988) ("When a party

---

[4] *See* Doc. 21-3 at 30-31 (AssuredPartners' initial disclosures regarding computation of damages).

seeks lost future profits based upon a breach of contract or other wrong, the party must prove that the lost profits were the direct result of defendant's actions and that the amount of the lost profits can be established with reasonable certainty."). Indeed, defendants have attempted to disprove this element by submitting evidence showing that the identified AssuredPartners' customers (1) had been doing business, or had been referred by someone who had done business, with Ortiz prior to his joining AssuredPartners, (2) that they used AssuredPartners only because Ortiz was there, (3) that after Ortiz left, they found service with AssuredPartners to be unsatisfactory or the rate higher than they wanted to pay and (4) Ortiz did not solicit their business, but they sought him out. Doc. 21-3 at 3-5, 11-25. While defendants are not obligated to negate AssuredPartners' claims, *see Celotex*, 477 U.S. at 323, AssuredPartners has not come forward with any evidence disputing defendants' evidence or affirmatively showing some action by defendants that would create a fact issue as to whether defendants caused AssuredPartners' alleged damages.

Because AssuredPartners bears the burden of proving that defendants' actions caused its damages but has offered no evidence in support of this element for any of its claims in response to defendants' motion for summary judgment, its claims fail as a matter of law. Defendants are entitled to summary judgment on each of AssuredPartners' claims.

### VI. CONCLUSION

For the reasons set forth herein:

1. Defendants' motion (Doc. 21) for summary judgment is **granted in its entirety**.

2. Judgment **shall enter** in favor of the defendants and against AssuredPartners.

3. The trial of this case is **cancelled**.

4. Because this order disposes of all claims, the Clerk of Court shall **close this case**.

**IT IS SO ORDERED** this 29th day of May, 2024.

_____
Leonard T. Strand
United States District Judge